IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRUCE E. GIPSON,                     §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §   NO. 4:03-CV-1184-A
                                     §
JO ANNE B. BARNHART,                 §
COMMISSIONER OF SOCIAL SECURITY,     §
                                     §
            Defendant.               §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein
Bruce E. Gipson is plaintiff and the Commissioner of Social
Security, currently Jo Anne B. Barnhart, is defendant.  On
February 1, 2005, the United States Magistrate Judge issued his
proposed findings, conclusions, and recommendation, and granted
the parties until February 22, 2005, in which to file and serve
any written objections thereto.  On February 18, 2005, the court
granted plaintiff an extension to file objections, which were
filed on March 8, 2005.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the
court are whether the final decision of the Commissioner that
plaintiff is not disabled within the meaning of the Social
Security Act is supported by substantial evidence, and whether
the decision complies with applicable legal standards.  Crouchet
v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989).  If supported by

substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971).  The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987).  In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. <u>Smith v. Schweiker</u>, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing <u>Hames v. Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983)).

The issues before the administrative law judge ("ALJ") were whether plaintiff was entitled to a period of disability and disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, as amended.

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the respondent has made objections thereto, the district judge makes a <u>de novo</u> determination of those portions of the magistrate judge's

2

specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

II.

## Plaintiff's Objections and Rulings Thereon

Plaintiff objects to the magistrate judge's proposed finding that the ALJ correctly applied the applicable legal standards. Particularly, plaintiff first contends that the ALJ, after finding that the opinions of the treating psychiatrist, Dr. Baitao Li, ("Li") were not entitled to controlling weight, failed to consider the factors required by 20 C.F.R. § 404.1527(d)(2) in determining how much weight should be given to Li's opinions.

A treating physician's opinion on the nature and severity of a patient's impairment is to be "given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'"  Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (quoting Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995)).  Upon a showing of good cause, an ALJ may "discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence."  Id. at 455-56.

3

The record reflects that the ALJ adequately addressed the treating psychiatrist's opinion, and explained his reasons for not fully adopting the opinion.  The limited area of disagreement the ALJ expressed with the opinions of Li had to do with Li's assessment that plaintiff has "extreme" impairment of social functioning and marked deficiencies of concentration, persistence, and pace.  Tr. at 17.  Because of that disagreement, the ALJ chose not to give Li's opinions controlling weight.  The ALJ adequately explained in his opinion his reasons for disagreement with Li's opinion and for not giving significant weight to the limited area of Li's opinions, mentioned above.

III.

Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED May 16, 2005.

_____/s/ John McBryde_____
JOHN McBRYDE
United States District Judge

4